# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT J. PEDREIRA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-11636-FDS |
| ASST. WARDEN FMC DEVENS, et al., | ) |
| Defendant. | ) |

## ORDER

SAYLOR, J.

For the reasons stated below, the Court will dismiss this action without prejudice.

### I. Background

On August 28, 2017, Robert J. Pedreira, who is confined at FMC Devens, filed a Motion for Emergency Injunction against three of the prison's administrators. He requested that the Court prevent the defendants from placing him in "refusal status" based on his alleged inability to make a payment required under the Inmate Financial Responsibility Plan ("IFRP"). The IFRP requires inmates who have outstanding debts or obligations to make payments on these obligations while incarcerated. Technically, the program is voluntary, but if an inmate does not make a required quarterly payment, he may be placed in "refusal" status and lose certain privileges. *See* 28 C.F.R. §§ 545.10, 545.11(d).

Pedreira alleges that he does not have enough money to make the $25 IFRP payment due on September 9, 2017.[1] He further asserts that when calculating the amount of his IFRP

---

[1] The IFRP mandates that an inmate pay no less than $25 per quarter. 28 C.F.R. § 545.11(b)(1).

payment, the administrators wrongfully and knowingly took into account a one-time cash gift that he had received when he arrived at FMC Devens. He represents that his only source of income is from prison employment. He further asserts the only way he can make his IFRP payment is to forgo communication with his family and his modest commissary purchases for toiletries.

Pedreira alleges that he has contacted prison staff to try to resolve this issue, but has not been granted any relief. He asks that the Court order that he not be placed in IFRP refusal status pending his exhaustion of administrative remedies. Pedreira did not file a complaint, pay the filing fee, or seek leave to proceed *in forma pauperis*.[2]

## II. Analysis

The Court will deny the motion for an injunction for both procedural and substantive reasons.

On the procedural side, Pedreira has not properly commenced a civil action. Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. A court cannot grant any sort of preliminary injunctive relief unless a plaintiff can show that he is likely to succeed on the merits of the claims set forth in his complaint. *See Peoples Fed. Sav. Bank. v. People's United Bank*, 672 F.3d 1, 9 (1st Cir. 2012). Thus, a motion for an emergency injunction cannot be adjudicated without reference to an underlying complaint.

Even construing the motion for an emergency injunction as a complaint does not cure the impediments to granting Pedreira relief. Where a litigant makes a request for a temporary restraining order without notice to the adverse party, he must, among other things, certify in

---

[2] The ordinary fee for filing a non-habeas civil action is $400. A prisoner may proceed without *prepayment* of the filing fee, but he still must pay a $350 filing fee over time. *See* 28 U.S.C. § 1915(b).

writing "any efforts made to give notice [to the adverse party] and reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Here, Pedreira has not made any such certification.

On the substantive side, the Court cannot adjudicate this matter because Pedreira has not exhausted his administrative remedies. Congress has mandated that "[n]o action . . . be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Indelicato v. Suarez*, 207 F. Supp. 2d 216, 219-20 (S.D.N.Y. 2002) (dismissing action in which prisoner challenged IFRP refusal status because prisoner had not completed the four-step administrative remedy process of the Bureau of Prisons).

Finally, Pedreira has not made factual allegations from which the Court can reasonably infer that placing him in IFRP refusal status is unlawful, even if defendants erred in considering a one-time gift in determining his IFRP obligations. The "refuse" conditions imposed in 28 C.F.R. § 545.11(d) for failing to participate in the IFRP do not implicate a liberty or property interest. *See, e.g.*, *Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014); *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008).

### III. Conclusion

Accordingly, the motion for an emergency injunction is DENIED without prejudice and this action is DISMISSED without prejudice.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: September 28, 2017